## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MINNESOTA

NOAH J. MCCOURT

     Plaintiff,

        v.

CARVER COUNTY; CARVER

COUNTY BOARD OF COMMISIONERS;

ROD FRANKS; in his capacity as Director of

Carver County Social Services.

CIVIL COMPLAINT

**DEMAND FOR JURY TRIAL**

20cv1118 JRT/ECW

RECEIVED

MAY 07 2020

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

### INTRODUCTION

1. Plaintiff Noah J. McCourt, brings this complaint against Carver County ("County") alleging that it discriminates against persons with disabilities in violation of Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§12131-12134, and its implementing regulations, as interpreted in Olmstead v. L.C., 527 U.S. 581 (1999). Specifically, the County is segregating individuals with mental illness, developmental disabilities, and addictive diseases and is failing to provide services in the most integrated setting appropriate to their needs, and fails to provide adequate supports and services to individuals who are at risk of institutionalization.

2. The alleged discrimination goes to the heart of the ADA and Congress' intent to eliminate the segregation and isolation of individuals with disabilities. As Congress stated in the Findings and Purposes of the ADA: "Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem." 42 U.S.C. § 12101(a)(2).

### VENUE AND JURISDICTION

3. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and related law, and has original jurisdiction over this matter pursuant to 28 U.S.C. § 1343(a)(3). Plaintiffs have commenced this action pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and related federal laws to recover damages, including the costs of this suit and reasonable attorney's fees, sustained by Plaintiff by reason of Defendants" violations of federal law and for injunctive relief as more fully set forth herein.

MAY 0 8 2020

U.S. DISTRICT COURT ST. PAUL

4. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same

case or controversy and derive from a common nucleus of operative facts.

5. Venue in the District of Minnesota is appropriate pursuant to 28 U.S.C. § 1391, as the conduct alleged herein occurred in this District.

6. The Plaintiff brings this suit under the authority of Minnesota Statutes, section 540.08 and Federal Rule of Civil Procedure 17(c).

## PARTIES

7. Plaintiff Noah J McCourt is a resident of the State of Minnesota

8. Defendant Carver County is a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131(1); 28 C.F.R. § 35.104, and is therefore subject to title II of the ADA, 42 U.S.C. §§ 12131 et seq., and its implementing regulations, 28 C.F.R. Part 35. 5. 2

9. Defendant Carver County Board of Commissioners are the chief executives of the County and responsible for its finances, operations and departments.

10. Defendant Rod Franks is the Director of Carver County Social Services("CCSS"), and is responsible for all operations of CCSS. Defendant Franks is sued in his official capacity as the Director of Carver County Social Services.

## FACTS

### The County's Social Services System

11. Carver County delivers services for its citizens with mental illnesses and Developmental Disabilities primarily through Carver County Social Services ("CCSS").

12. CCSS is responsible for the overall coordination of services for people with developmental disabilities, mental illnesses, addictive diseases, and other disabilities in Carver County. This includes administering the County's mental health system, planning the services and the settings, in which mental health services are provided, ensuring quality of care and consumer safety across settings, and allocating within the mental health service system all funds appropriated from federal, state, and other sources.

13. CCSS offers a range of treatment and support services to help persons with mental illnesses, addictive diseases, and developmental disabilities integrate into, successfully live in, and contribute to, the community. Among the mental health services that CCSS provides or contracts for are: crisis services, Assertive Community Treatment ("ACT"), case management, housing supports, employment supports, peer supports, rehabilitative services, and other community support services.

14. CCSS licenses and inspects mental health service providers, including institutional settings in which people receive residential care and treatment services.

15. Carver County receives Federal and State funding from various agencies including the Minnesota Department of Human Services, the United States Department of Health and Human Services and the United States Department of Housing and Urban Development for the operation of its social services system.

### Individuals Are Unnecessarily Institutionalized

16. Plaintiff McCourt is a well-known advocate in the areas of mental health and disability rights. He was appointed by Minnesota Governor Mark Dayton to the Governor's Council on Developmental Disabilities. He also serves on the State Subcommittee on Children's Mental Health. He also serves on the Steering Committee of the Governor's Council for Diversity and Inclusion. He has historically sat on a variety of boards of directors including both the Minnesota Association on Children's Mental Health and Move Minnesota (previously known as Transit for Livable Communities). He also serves on the Public Policy Committees of ARC of Minnesota. In 2018, he recieved the Advocacy Award from the Minnesota Consortium of Disabilities for his work on improving the relationship between the disability community and law enforcement. McCourt's expertise led him to speak before the United Nations in March of 2016. He also formerly served as a commissioner on the Chaska Human Rights Commission.

17. Plaintiff McCourt was diagnosed with Autism Spectrum Disorder at age 3 and at age 8 started receiving services through the Community Access and Disability Inclusion (CADI) Waiver.

18. At age 18, Plaintiff McCourt enrolled in college at Indiana State University - Southeast and relocated to New Albany, Indiana. As a result of this relocation, Plaintiff McCourt lost the services provided by his CADI Waiver.

19. In 2016, Plaintiff McCourt moved back to Minnesota and reapplied for services.

20. Plaintiff McCourt repeatedly applied for services including an Adult Rehabilitative Mental health services (ARMHS) worker and either was consistently denied or failed to receive a response.

21. As a result of the County's Failure to provide services, Plaintiff McCourt condition continued to deteriorate and he was repeatedly hospitalized. He also experienced an Autistic Meltdown in October 2016 and had an altercation with law enforcement which resulted in his subsequent arrest and stay in Carver County Jail.

22. The County is still refusing to provide services including an ARMHS worker despite the fact that he is eligible due to his eligibility for medical assistance.

23. The Carver County Jail is a Correctional Facility that is owned operated and maintained by Carver County. The inmate population is disproportionately representative of individuals who are substantially limited in major life

activities by his or her mental illness or disability and are thus qualified individual with a disability, as defined in the ADA.

24. The Carver County Jail is an institution that segregates individuals with mental illness and developmental disabilities from their non-disabled peers in the community and provides limited, if any, access to community activities and interactions with people without disabilities.

25. Plaintiff McCourt could have benefitted from community settings with community-based services and supports and does not object to receiving services in a more integrated setting and appropriate for community placement. Yet he has been confined and remains at risk of further confinement due to the lack of appropriate community services and supports.

26. Many more individuals at Carver County Jail are likely appropriate for and do not oppose receiving services and placement in more integrated settings. These individuals remain unnecessarily institutionalized as a direct and proximate result of the County's failure to conduct individualized, person-centered assessments identifying the housing and support services that are necessary for successful transitions to the community.

### Individuals At Risk of Unnecessary Institutionalization

27. The 2017 report from the Minnesota Demographic center reported that there are over 5,000 Carver County residents with a diagnosed disability. Many of these individuals require community-based services and supports in order to avoid unnecessary institutional placements. Without such services, they are at risk of unnecessary institutionalization and incarceration.

28. Many individuals are incarcerated and re-incarcerated to the Carver County Jail or other institutional settings because of a lack of sufficient supports and services in the community with intensive community based services - such as crisis services, ACT, case management, and housing supports - these individuals would not require any type of institutionalization were those supports in place.

29. Serving individuals in community placements instead of in institutional settings is a more cost effective option for the County. Intensive support in the community typically costs less than one quarter of the cost of institutional placement and/or incarceration.

### CLAIMS FOR RELIEF

### COUNT I

**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973**

**29 U.S.C. § 794**

30. The Plaintiff re-alleges by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

31. Defendants" egregious, flagrant and inhumane acts and omissions violate Section 504 of the Rehabilitation Act and implementing regulations. 29 U.S.C. § 794, 34 C.F.R. § 104

32. As a result of Defendants" acts and omissions, McCourt and other qualified individuals with Disabilities were deprived of rights, privileges, or immunities secured and protected by federal law, and caused irreparable harm.

33. As a result of Defendants" acts and omissions, the plaintiff by reason of disability, was excluded from the participation in, denied the benefits of, or subjected to discrimination causing the Plaintiff damages in an amount to be proven at trial, including attorney fees and costs.

**COUNT II**

**VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

34. The allegations of Paragraphs 1 through 31 are hereby re-alleged and incorporated by reference.

35. Defendants discriminate against the Plaintiff and "qualified individuals with a disability," within the meaning of the ADA, by administering the County's social service system in a manner that denies several thousand people with mental illness and developmental disabilities the opportunity to receive services in the most integrated setting appropriate to their needs. These individuals are qualified to receive services in a more integrated setting and do not oppose receiving services in a more integrated setting.

36. The County's actions as alleged herein constitute discrimination in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulations.

**COUNT III**

**VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT**

37. Plaintiffs re-allege by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

38. Defendants are obligated to provide services in a manner free from discrimination and that does not infringe upon the rights of individuals with disabilities as protected by the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A et seq., and other applicable law.

39. Defendants" egregious, flagrant and inhumane acts and omissions constitute a pattern or practice that violated

the Plaintiff's rights under the Minnesota Human Rights Act, including freedom from discrimination based on disability.

40. The disability of the Plaintiff tolls the accrual of their claims under the MHRA.

41. Defendants" conduct caused the Plaintiff damages in an amount to be proven at trial, including attorney's fees and costs.

### COUNT IV

### NEGLIGENCE PER SE 42 C.F.R. § 482.13 139

42. Plaintiffs re-allege by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

43. At all times material, Carver County has participated in Medicaid programming thereby subjecting them to the federal bill of rights, codified at 42 C.F.R. § 482.13. 141.

44. Defendants are obligated to operate and implement thier programs consistent with 42 C.F.R. § 482.13, sub. 3, which provides that "All patients have the right to be free from discrimination, physical or mental abuse, and corporal punishment. All patients have the right to be free from restraint or seclusion, of any form, imposed as a means of coercion, discipline, convenience, or retaliation"

45. The Plaintiff is a person within the intended protection of 42 C.F.R. § 482.13, sub. 3.

46. Defendants failed to provide services and/or use or require the use of positive approaches,have engaged in retaliatory practices and have otherwise failed to comply with 42 C.F.R. § 482.13 as identified herein.

47. Defendants" egregious, flagrant and inhumane acts and omissions constitute a pattern or practice violating 42 C.F.R. § 482.13.

48. The harms suffered by the Plaintiff is of the type 42 C.F.R. § 482.13 were intended to prevent.

49. Defendants conduct caused Plaintiff damages in an amount to be proven at trial, including attorney fees and costs.

### COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiffs re-allege by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

51. Defendants" routine, and excessive discrimination and refusal to provide services and or treatment for which

the plaintiff was otherwise eligible exceeded the boundaries of decency and dignity, and is utterly intolerable to a civilized community.

52. Defendants conduct was intentional and reckless.

53. Defendants" conduct caused the Plaintiff severe emotional distress at the threat of being assaulted or incarcerated for disability related behavior no matter how slight.

54. The distress was so severe that no reasonable person could be expected to endure it.

55. As a direct and proximate result of Defendants" conduct, the Plaintiff suffered injuries and damages in an amount to be proven at trial.

**COUNT VII**

**INJUNCTIVE RELIEF**

56. Plaintiffs re-allege by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

57. Defendants" practice involving the excessive, repeated and unlawful routine use of discriminatory practices in the provision of Social services violate and will continue to violate rights, privileges, or immunities secured and protected by federal and state law.

58. Defendants" practices, procedures are capable of repetition but evading review.

59. Individuals with Developmental disabilities like the Plaintiff will be refused services and deprived of their rights, privileges, or immunities secured and protected by federal and state law unless enjoined through temporary and permanent injunctive relief.

60. The exact amount of damages cannot be determined, and therefore, there is no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully demands judgment against Defendants as follows:

61. Enjoin Defendant from administering services in settings that unnecessarily isolation and segregation of individuals with disabilities from the community;

62. Require Defendant to administer disability services in the most integrated settings appropriate to the needs of the individuals with disabilities; and

63. Temporarily and permanently enjoin Defendants, their officers, agents, employees, subordinates, successors in

office, and all those acting in concert or participation with them from engaging in any further discrimination in the assessing and provision of services through Carver County Social Services.

64. Plaintiff receives judgment for all damages, as allowed by and consistent with applicable law, in an amount to be proven at trial;

65. Plaintiff recovers reasonable attorney's fees, costs, disbursements, interest, and costs of investigation, as allowed by and consistent with applicable law;

66. That this matter remain under this Court's jurisdiction until the order is fully complied with; and

68. Such other and further relief as this Court deems just, equitable and proper.

Respectfully submitted,                        Dated: 12/19/2019

/s/ Noah John McCourt

Noah J. McCourt

684 N. Otsego St.

Saint Paul, MN 55130